In the United States District Court
For the District of Connecticut
------------------------------------------

United States of America,
                    Respondent,


                v.                          **Criminal Dkt.**
                                            **3:01CR00114(AHN)**

                                            **Civil Dkt.**
Ryan Washington,                            **3:04CV504**
                    Petitioner.


------------------------------------------


### INCORPORATED MOTION & MEMORANDUM
### TO AMEND § 2255 MOTION PURSUANT TO
### FEDERAL RULES OF CIVIL PROCEDURE RULE 15

COMES NOW, <u>Ryan Washington</u>, petitioner <u>pro se</u> in
the above captioned and referenced matter, and respectfully
moves to amend his pending § 2255 Motion.

As grounds for this amendment of the pending § 2255
Motion, petitioner shows as follows:

<u>JURISDICTION</u>:  Amendments to the pleadings in § 2255
Motions are not covered by the collateral attack rules.
Rule 12 of the collateral attack rules directs to the Rules
of Civil Procedure. Rule 15 deals with amendments.

Amendments typically are appropriate when new claims
become available for the first time after the filing of
the original action.

Accordingly, the Second Circuit has construed the applicability of Federal Rules of Civil Procedure, Rule 15 in the habeas corpus scenario to require that leave to amend be "freely given". See <u>Littlejohn v. Artuz</u>, 271 F.3d 360, 363 (2d Cir. 2001); <u>Ching v. United States</u>, 298 F.3d 174, 175, 177, 181 (2nd Cir. 2002).

## THE BASIS UNDERLYING AMENDMENT:

On June 24, 2004, the United States Supreme Court ruled in <u>Blakely v. Washington</u>, 542 US __ (2004), and clarified the applicability of <u>Apprendi v. New Jersey</u>, 530 US 466 (2000), against a State Sentencing Guideline System fashioned after the United States Sentencing Guidelines.

In the <u>Blakely</u> ruling, JUSTICE <u>Scalia</u>, writing for the majority stated, <u>in pertinent part</u>:

> "...the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment,"..., and the judge exceeds his proper authority."
> Id.

Accordingly, as all involved with the criminal judiciary in the United States are aware, the <u>Blakely</u> ruling has caused tremendous controversy and raised serious issues

concerning the viability and continued viability of the
United Sentencing Guidelines.

As a result the Supreme Court has heard two (2) cases
which are set to determine the fate of the Guidelines and
Sentences imposed in accord with them.

On Monday, October 4, 2004, the Supreme Court heard
Oral arguments in United States v. Booker, and United States
v. Fanfan, Nos. 04-104 and 04-105; these cases dealt with,
inter alia, whether the U.S.S.G. violates the Sixth Amendment
jury trial right to facts that increase the boundaries
of a judge's sentencing discretion under the Guidelines.
And, thus, ultimately whether Blakely applies to the U.S.S.G.

The en banc Second Circuit, in it's effort to bring
clarity to the "confusion" wrought by Blakely; has sought
the Supreme Court to answer the certified question as to
"whether Sixth Amendment permits a federal district judge
to find facts, not reflected in a jury's verdict or admitted
by a defendant, that form the basis for determining the
applicable adjusted offense level under the Federal Sentencing
Guidelines and any upward departure from that offense level,"
(the en banc Second Circuit has sought narrower formulations
of questions relative to the case from which the certified
questions arose),  See United States v. Penaranda, 375 F.3d

-3-

238 (2nd Cir. 2004).

Accordingly, because <u>Blakely</u> interpretes/clarifies the reach of <u>Apprendi v. New Jersey</u>. And, because <u>Apprendi v. New Jersey</u> was the law when petitioner's sentence was imposed on July 31, 2002; the ramifications of <u>Blakely</u> being determined to apply to the U.S.S.G. has direct bearings on several aspects of petitioner's sentence regarding how the specific point enhancements were made pursuant to Guideline §§ 2k2.1(b)(4), 2K2.1(b)(5) and § 3A1.2(b).

Thus, the basis for Amendment of the pending § 2255 is that the anticipated application of <u>Blakely</u> to the U.S.S.G., will render the 9 point enhancement to petitioner's base offense level; sentencing enhancements imposed in violation of petitioner's constitutional rights to Due Process and Sixth Amendment jury trial rights.

### ISSUES TO BE AMENDED TO PENDING § 2255:

1) **Whether the 2 level increase pursuant to § 2K2.1(b)(4) is unconstitutional?**

The answer is yes.

Here, the federal Criminal Code 18 U.S.C. § 922(k) defines the offense of obliterating the serial number on a firearm.

Accordingly, 18 U.S.C. § 922(k), states:

-4-

> (k) It shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importers or manufacture's serial number removed, **obliterated,** or altered and has, at any time, been shipped or transported in interstate or foreign commerce.
>
> Id. 18 U.S.C.A. § 922(k).(Emphasis added).

Accordingly, the imposition of penalties on petitioner for the conduct for which he has Due Process and Sixth Amendment rights; makes the imposition of penalties for that offense unconstitutional.

Petitioner had both a Due Process and Sixth Amendment right to be charged by indictment for the 18 U.S.C. § 922(k) offense of obliterating the serial number on a firearm. And, to be found guilty beyond a reasonable doubt for that specific offense.

Accordingly, the 2 point enhancement which equates to 10 months; is unconstitutional.

   2) **Whether the 4 level increase pursuant to § 2K2.1(b)(5) is unconstitutional?**

The answer is yes.

Here, again. The Federal Criminal Codes, 18 U.S.C. § 924(c)(1)(A) define the offense of possessing a firearm during and in relation to a "drug trafficking offense", i.e.,:

> "...any person who, during and in relation to any...drug trafficking crime...for which the person may be prosecuted

-5-

> in a court of the United States, uses or carries a firearm,
> or who, in furtherance of any such crime, **possesses a**
> **firearm,...**"

Id. 18 U.S.C. § 924(c)(1)(A), (emphasis added).

Thus, the PSR's advocacy of the 4 point increase for the alleged "possession of narcotics with intent to sell", in regards to the September 28, 2000, arrest of petitioner by the Newark Police Department; deprives petitioner of his constitutionally protected right to be charged with said offense by grand jury indictment, his right to a jury trial on the charge, and, thereafter, be proven guilty beyond a reasonable doubt.

In this significant regard, the Court's acceptance and application of the 4 point enhancement to petitioner's sentence which equates to 2 years 3 months; is unconstitutional and must be vacated as such.

3)  **Whether the 3 level increase pursuant to § 3A1.1(b)**
**is unconstitutional?**

The is answer is yes.

Petitioner's base level for the offense that resulted in conviction, was inflated by 3 levels based on the allegation that:

> "On May 2, 2000, during his flight from police, the defendant
> assaulted law enforcement personnel when he rammed their
> vehicles with the car he was driving in a manner creating
> a substantial risk of serious bodily injury. As such, a
> 3 level increase is warranted pursuant to U.S.S.G. § 3A1.2(b)."

Id. ATTACHMENT A.

-6-

The offense of assaulting a law enforcement official
is contained in 18 U.S.C. §§ 1113 & 1114.

Thus, because the conduct that the PSR alleges petitioner
committed, and, requires a 1 year 8 month sentence increase;
is conduct covered within 18 U.S.C. § 1113 and/or §1114.
Petitioner had the Fifth Amendment right to be charged by a
grandjury with those offense(s); and, thereafter be tried
by a jury and found guilty beyond a reasonable doubt.

The Court, in imposing the increase to petitioner's
sentence for the conduct that resulted in conviction; absent
the jury finding the facts "which the law makes essential
to the punishment". Substantiates that the proper authority
of the court was exceeded and that the sentence ultimately
imposed is unconstitutional.

Accordingly, because of the potential issues addressed
by Blakely being applied to the U.S.S.G., by the decisions
in Booker and Fanfan; the fact that Apprendi was law at
the time petitioner's sentence was unconstitutionally enhanced
as enumerated above requires vacating the enhancements
to petitioner's sentence.

**CONCLUSION**: These issues must be accepted as amendable
to petitioner's original § 2255 Motions as they relate
back to CLAIM 6, i.e. counsel on direct appeal failing
to raise issues that were raised and preserved in the district

court.

Accordingly, based on the May 20, 2002, letter objecting to the application of § 2K2.1(b)(5) and § 3A1.2(b) to enhance petitioner's sentence, (See ATTACHMENT B); the issues raised herein relate back to the claim that appellate counsel was ineffective for failing to raise the preserved issue of petitioner's sentence being unconstitutionally enhanced by 9 levels.

For the reasons stated herein, petitioner respectfully moves to amend the pending § 2255 Motion with the claims stated in anticipation of Blakely v. Washington being applied to the United States Sentencing Guidelines.

Petitioner prays the relief sought be granted along with any and all other relief deemed just and proper.

Dated: November 8th, 2004

Respectfully submitted;

Ryan Washington, pro se

-8-

3

<u>Adjustment for Acceptance of Responsibility</u>

12.     The defendant was convicted by a jury verdict, he has not made a statement about the offense upon the advice of counsel, and therefore has clearly not demonstrated acceptance of responsibility for the offense.

<u>Offense Level Computation</u>

13.     The November 1, 2001 Sentencing Guidelines manual was used for the following calculations.

14.     Base Offense Level: The guideline for a violation of 18  U.S.C. § 922(g)(1)  is U.S.S.G. § 2K2.1(a)(4)(A) which establishes a base offense level of 20 for a convicted felon who possessed a firearm subsequent to sustaining one felony conviction for a crime of violence.

                                                                                            20

15.     Specific Offense Characteristic: A 2 level increase is required under § 2K2.1(b)(4) because the firearm had an obliterated serial number.

                                                                                            +2

16.     Specific Offense Characteristic: The defendant possessed two firearms in connection with another felony offense. The gun he possessed on May 2, 2000, he also possessed on September 28, 1998 when he used that gun in a double shooting that occurred in Coney Island, New York. Additionally, when he was arrested by the Newark Police Department on September 28, 2000, he possessed a firearm in connection with the possession of narcotics with intent to sell. Therefore, it is believed that a 4 level increase is warranted under § 2K2.1(b)(5).

                                                                                            +4

17.     Adjustment for Role in the Offense: None.

                                                                                            0

18.     Victim Related Adjustment: On May 2, 2000, during his flight from police, the defendant assaulted law enforcement personnel when he rammed their vehicles with the car he was driving in a manner creating a substantial risk of serious bodily injury. As such, a 3 level increase is warranted pursuant to U.S.S.G. § 3A1.2(b).

                                                                                            +3

19.     Adjustment for Obstruction of Justice: None.

                                                                                            0

20.     Adjusted Offense Level (Subtotal):

                                                                                            29

21.     Adjustment for Acceptance of Responsibility: The defendant put the Government to its burden of proof by going to trial and denying the essential elements of guilt. He was found guilty by a jury verdict, and has therefore clearly not demonstrated acceptance of responsibility for the offense.

                                                                                            0

**JOHN T. WALKLEY**

ATTORNEY AT LAW

450 MONROE TURNPIKE

SUITE 101

MONROE, CONNECTICUT 06468

———

(203)261-1911

FAX (203) 268-1433

CLIENT COPY

May 20, 2002

Mr. Ray Lopez
United States Probation Officer
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

Re:    **United States v. Ryan Washington**
       **Docket No. 3:01CR-114 (AHN)**

Dear Ray:

Please accept this letter as my preliminary objections and comments to the Presentence Report that you have prepared in the above-referenced case. Prior to the sentencing hearing, I will provide you, as well as the Court and government, with a more elaborate analysis of the arguments I make here.

First, I object to your assessment in Paragraph 16 of the Presentence Report of a 4-level upward adjustment pursuant to §2K2.1(b)(5) of the United States Sentencing Guidelines. That guideline section provides for a 4-level increase "if the defendant used or possessed any firearm or ammunition in connection with *another* felony offense." The Application Notes to that guideline provide that "felony offense," as used in this section, "means any offense . . . punishable by imprisonment for a term exceeding one year, whether or a not a criminal charge was brought, or a conviction obtained."

In assessing this increase, you focus on the murder charge for which Mr. Washington was acquitted after trial before a jury of twelve New York citizens and a charge in New Jersey of which he stands accused, but has not been convicted. I assert that the Court's use for §2K2.1 purposes of the murder charge for which Mr. Washington was acquitted would be error. I submit that your determination that the New Jersey arrest also supplies basis for §2K2.1 application is equally erroneous based upon the guidelines' requirement that Mr. Washington "used or possessed" a firearm "in connection with

Letter: Ray Lopez
United States v. Ryan Washington
May 20, 2002
Page Two

another felony offense." I assert that more would be needed to be shown by the Court that Mr. Washington "used or possessed" a firearm within the facts of that case "in connection," as you contend in your Report, with the other felony offense of possession of narcotics with intent to sell.

These comments are especially significant in light of the Supreme Court's decision in *Apprendi v. New Jersey*. I submit that the Court's employment of a 4-level increase in Mr. Washington's guideline level in this regard would be a direct violation of *Apprendi* and would rely upon the Court's finding by a preponderance of the evidence what a jury did not find proven beyond a reasonable doubt. If this guideline were to be used in Mr. Washington's case, it should have been alleged by the government in its indictment and submitted to the jury and proven by the government beyond a reasonable doubt. To do otherwise, I would expect that a full hearing would be required before Mr. Washington's sentencing and the facts of each complicated case, which you summarize in six lines, developed prior to an ultimate decision by the Court. I emphasize, however, that, even if the Court were to engage in this process, I do not believe that this upward adjustment is supported by the facts as they apply in this case.

Second, I object to your assessment in Paragraph 18 of a 3-level increase pursuant to §3A1.2(b). I believe strongly that this assessment is not related to the offense of conviction as required by the applicable sentencing guideline. §3A1.2(b) provides that if "during the course of the offense or immediate flight therefrom, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement . . . officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury."

You find in your Report that Mr. Washington "assaulted law enforcement personnel when he rammed their vehicles with the car he was driving in a manner creating a substantial risk of serious bodily injury." I maintain in objecting to this enhancement that "driving a car in a manner" that creates the substantial risk contemplated by the sentencing guidelines is different than intentionally assaulting an official victim and, in so doing, creates that risk.

Importantly, I argue that this guideline intends to cover that conduct that would be considered "assaultive." The facts that were elicited at trial can be argued to support that any action by Mr. Washington in striking the police vehicles with his car was done for purposes of escape. There are not, however, sufficient facts to support your determination that Mr. Washington "assaulted" or intended to assault any law enforcement officer involved in this case within the contemplation of this guideline. I

Letter: Ray Lopez
United States v. Ryan Washington
May 20, 2002
Page Three

contend that this guideline envisions a situation where a defendant intentionally assaults an "official victim" and, as a result thereof, creates a "substantial risk of serious bodily injury." Based upon the evidence at trial, the jury may have found the conduct of Mr. Washington to have been reckless. But reckless behavior by a defendant would not satisfy the requirements of §3A1.2(b) and a 3-level enhancement within the sentencing guidelines. Based upon this analysis, the 3-level adjustment should not apply.

Additionally, your addition of 2 criminal history points in Paragraph 28 for the conviction on July 24, 1989, is incorrect based upon the language of §4A1.1(b) and the Application Notes to that guideline section. In the Notes, the sentencing guidelines provide that "a sentence imposed more than ten years prior to the defendant's commencement of the offense is not counted." See §4A1.2(e) U.S.S.G. Without question, a conviction in 1989 is more than ten years prior to the instant offense, which is alleged to have been committed in May of 2000. Those criminal history points should be removed from your accounting in this case. The elimination of those points would result in an overall score of three criminal history points and would place Mr. Washington in Criminal History Category II.

Although I have provided a copy of the Presentence Report to my client for his review, I have been unable to meet with him as yet. I expect that I will visit with Mr. Washington at Wyatt Detention on Thursday of this week and should be able to share with you his comments and corrections on the following day.

I look forward to discussing your Report and my objections prior to the date of the sentencing hearing.

Your attention to Mr. Washington's case is appreciated.

Sincerely,

John T. Walkley

cc: Ryan Washington