UNITED STATES DISTRICT COURT    FILED
DISTRICT OF CONNECTICUT

2005 NOV -7 P 3: 20

RYAN WASHINGTON              :      CRIMINAL No. 3:01CR114(AHN)

    V.                       :      CIVIL No. 3:04CV504(AHN)
                                    U.S. DISTRICT COURT
                                    ...PORT. CONN

UNITED STATES OF AMERICA     :      November 7, 2005

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION TO PRESERVE THE STATUS QUO

At the same time that the petitioner filed his motion to vacate his sentence pursuant to 28

U.S.C. § 2255, he filed a motion requesting an order from this Court directing that his trial

counsel abide by the attorney-client privilege.  By this response, the Government asks the Court

to deny the petitioner's Motion to Preserve The Status Quo and permit the petitioner's trial

counsel to respond, as necessary, to the factual allegations contained in the petition.  The

Government has appended to its § 2255 response a brief affidavit from the petitioner's trial

counsel, and the Government asks the Court to consider the substance of the affidavit as it relates

to factual allegations in the petition.

A petitioner's allegations of ineffectiveness of counsel constitute an attack on the

professional competence of his attorney, and thus are tantamount to a waiver of the attorney-

client privilege.  See Tasby v. United States, 504 F.2d 332 (8th Cir. 1974), cert. denied, 419

U.S. 1125 (1975); Laughner v. United States, 373 F.2d 326 (5th Cir. 1967).  The petitioner

here does not insist that the attorney-client privilege prevents his trial counsel from disclosing

specific facts.  Instead, he asserts that the privilege simply requires his trial counsel to disclose

the information at an evidentiary hearing where he can be subject to cross examination.  The

question of whether a petitioner has waived his attorney-client privilege, however, simply

turns on whether the petitioner has put at issue specific communications between himself and

his attorney.  In this case, with respect to his claims that his trial counsel failed to discuss a

plea agreement with him and failed to investigate adequately a defense, the petitioner has put

at issue specific communications between himself and his trial counsel.  It is not necessary to

wait until the time of the hearing to determine whether there has been a waiver of the attorney-

client privilege.  See Bullock v. Carver, 910 F. Supp. 551 (D. Utah 1995) (finding that

petitioner waived attorney-client privilege by assertion of claim and permitting submission of

affidavit from defendant's counsel in habeas action).  It is well established that, in considering

a §2255 habeas petition, opposing affidavits should be considered in order to test the

sufficiency of the petitioner's allegations.  See United States v. Aiello, 814 F.2d 109, 113 (2nd

Cir. 1987).

       While the Government could find no Second Circuit case specifically dealing with the

waiver of attorney-client privilege in the habeas corpus context, it is well established in the

Second Circuit that an implied waiver of the attorney-client privilege may be found where the

privilege holder "asserts a claim that in fairness requires examination of the protected

communications."  In Re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000).  The

Second Circuit has stated:

> That fairness considerations arise when the party attempts to use
> the privilege both as 'a shield and a sword.'  In other words a
> party cannot partially disclose privileged communications or
> affirmatively rely on privileged communications to support its
> claim or defense and then shield the underlying communications
> from scrutiny by the opposing party.

Id.

       Here, the petitioner has put communications with his defense counsel at issue in

support of his claims for habeas corpus relief.  Thus, "[f]airness requires examination of the

protected communications." In Re Grand Jury Proceedings, 219 F.3d at 182. Accordingly,

the Court should find a limited waiver of the attorney-client privilege as to these

communications and permit defendant's prior counsel, John Walkely, to submit an affidavit as

to those specific communications.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

By:    JAMES K. FILAN, JR.
       ASSISTANT UNITED STATES ATTORNEY

For:   ROBERT M. SPECTOR
       ASSISTANT UNITED STATES ATTORNEY
       FEDERAL BAR NO. CT18082
       450 MAIN STREET
       HARTFORD, CT 06103
       860-947-1101

## CERTIFICATION

I hereby certify that a true and correct copy of the foregoing was sent via regular first-class mail, this 7th day of November, 2005 to:

Mr. Ryan Washington
Inmate Number 67016-053
USP ALLENWOOD
U.S. PENITENTIARY
P.O. BOX 3000
WHITE DEER, PA 17887

By:    JAMES K. FILAN, JR.
       ASSISTANT UNITED STATES ATTORNEY

For:   ROBERT M. SPECTOR
       ASSISTANT UNITED STATES ATTORNEY