UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RYAN WASHINGTON,                :
                                :
            Movant,             :
                                :   Crim. No. 3:01CR114 (AHN)
      v.                        :   Civ. No. 3:04CV504 (AHN)
                                :
UNITED STATES OF AMERICA,       :
                                :
            Respondent.         :

## MOVANT'S WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDED RULING

NOW COMES Movant Ryan Washington ("Washington"), acting pro se, and respectfully submits the following objections to the Magistrate Judge's recommended ruling.

1) Washington objects to the Magistrate Judge's assertion that Washington, in his reply brief filed on December 12, 2005, argued "for the first time that his appellate counsel was ineffective for failing to challenge the 'relevant conduct' considered by the court in connection with [the] four level enhancement 'for using or possessing a firearm or ammunition in connection with another felony offense,' contrary to his Sixth Amendment rights under Blakely. See recommended ruling, p. 2.[1]

First, Washington did not argue for "the first time" in his December 12, 2005 reply brief that appellate counsel was ineffective in failing to challenge the relevant sentencing issue. Rather,

---

[1] Hereinafter "RR" followed by page number.

Washington argued in his initial § 2255 pleading that appellate counsel provided ineffective assistance when he failed to present viable issues on appeal. Specifically, Washington argued that counsel, "rather than present[ing] issues that were raised and preserved below," concentrated on issues that had little or no merit. See § 2255 motion, claim 6(1). One of the issues that was raised below and thus preserved was the four level enhancement for using a firearm or ammunition in connection with another felony offense pursuant to § 2K2.1(b)(5) of the United States Sentencing Guidelines. There can be no question that this was one of the preserved issues that Washington argued should have been raised by appellate counsel. So it is, then, that this issue was not raised for "the first time" in Washington's December 12, 2005 reply brief.

Secondly, the Magistrate Judge asserted that Washington had raised the argument described above in the context of a Blakely challenge. That is simply not true. In fact, when discussing the issue in his reply brief, Washington began the discussion by stating, "Aside from any Booker concerns..." See reply brief, p. 9 (emphasis added). It is true that Washington had raised a Blakely challenge as to all his sentence enhancements, but the specific argument that the Magistrate Judge describes as being raised for the first time in Washington's reply brief did not in any way rely on Blakely. Rather, the entire substance of the argument was that the trial judge misapplied the relevant guidelines provision and that Washington's appellate counsel was ineffective for not raising the preserved issue on appeal.

The Magistrate Judge's failure to address this claim constitutes error and Washington objects.

2) Washington's second objection to the Magistrate Judge's recommended ruling concerns the Judge's findings relative to Washington's claim that trial counsel was ineffective for not filing a motion to suppress.

Specifically, Washington objects to the Magistrate Judge's failure to address Washington's undisputed claim that the law enforcement officers responsible for the search and seizure were operating beyond their jurisdiction. See Washington's reply brief, pp. 3-5.

Washington argued that because the officers were outside their jurisdiction, the search and seizure was unreasonable within the meaning of the Fourth Amendment. Again, however, this aspect of Washington's claim was not addressed by the Magistrate Judge. Washington objects to the Magistrate Judge's failure in this regard.

3) Washington's third objection involves the Magistrate Judge's findings relative to Washington's claim that trial counsel was ineffective for failing to investigate.

Specifically, Washington objects to the Magistrate Judge's failure to address Washington's assertion that his trial counsel was ineffective in not investigating and raising before the jury the issue of the prior complaints of harassment that Washington had filed against the officers who, operating absent jurisdiction, claimed to have found a firearm and ammunition in a vehicle allegedly driven by Washington. This evidence, coupled with the fact

that the officers paid little regard to jurisdictional boundaries, likely would have raised in the minds' of the jury serious credibility issues as to those officers. Further, when the officers' admitted sloppy police work is factored in, the result of the proceeding likely would have been different.

4) Washington's fourth objection is that, in discussing Washington's claim that trial counsel provided ineffective assistance relative to the Government's proposed plea offer, the Magistrate Judge completely misapprehended the substance of Washington's complaint. Washington's main complaint was not that counsel had failed to transmit the plea offer, it was that counsel had utterly failed to provide Washington with any advice as to whether he should accept the plea offer. Notably, in his affidavit for the Government, trial counsel did not dispute this claim.

Washington understands that there ordinarily exists a presumption that "counsel ... communicate[d] to the defendant the terms of the plea offer ... and ... [usually] informed the defendant of the strengths and weaknesses of the case against him[.]" Prudy v. United States, 208 F.3d 41, 45 (2nd Cir. 2000)(citations omitted). But here, the presumption that counsel informed Washington of the stengths of the Government's case against him is rebutted not only by Washington's affidavit, which went unchallenged in this regard, but also by counsel's own words at the October 9, 2001 detention hearing and at the start of jury selection. At the detention hearing, counsel told Magistrate Judge Holly B. Fitzsimmons, "the government is not going to win this case." Then, at jury selection, counsel stated to the Court:

4

> ... [I]t is not in [Washington's] interest to enter a plea at this time, Your Honor, and I believe that[.]

Considering counsel's own words and the fact that he forewent the opportunity to refute Washington's claim that counsel failed to advise him of the strengths of the Government's case, Washington's assertion in this regard should have been accepted as true and relief granted. This is especially true considering "[d]efense counsel has a constitutional duty to give defendant professional advise on the crucial decision on whether to accept a plea offer from the government." Pham v. United States, 317 F.3d 178, 182 (2nd Cir. 2003). Instead, in a disturbing pattern, the Magistrate Judge failed to even address the true substance of Washington's claim. Accordingly, Washington objects.

5) Washington's fifth and final objection concerns the Magistrate Judge's findings relative to Washington's claim that appellate counsel provided ineffective assistance when he failed to raise certain issues on appeal. Washington's objection on this score is two-fold. First, although he amended this claim to incorporate a Blakely challenge, as discussed in objection 1 supra, he specifically argued the four level § 2k2.1(b)(5) enhancement on a separate, additional ground, i.e., that the trial judge misapplied the Guidelines. As stated above, the Magistrate Judge failed to address the issue in any manner other than the context of a Blakely challenge. Further, to add insult to injury, the Magistrate Judge converted the "Blakely challenge" into a "Booker claim." See RR, p. 19.

Focusing for a moment on Washington's claim that the trial judge misapplied the § 2K2.1(b)(5) Guideline and that appellate counsel provided constitutionally ineffective assistance by not following up the preserved objection on direct appeal, Washington clearly demonstrated in his reply brief that the incidents relied on by the Court to impose the enhancement, i.e., a shooting in New York that had occurred two years prior to the instant offense and for which Washington had been acquitted of the resultant charges, and Washington's alleged possession of a firearm separate from the offense of conviction while allegedly possessing narcotics with the intent to distribute same, did not constitute "relevant conduct" within the meaning of § 1B1.3, and therefore could not be used to support the enhancement.[2]

Further, as Washington argued in his reply brief, the Court's erroneous relevant conduct determination also resulted in Washington's criminal history category being improperly elevated from Category II to Category III (a prior conviction would have fallen outside the ten-year window save for the erroneous relevant conduct determination).

Again, the Magistrate Judge completely failed to address this critical issue.

Secondly, as for Washington's claim that all of his sentencing enhancements violated <u>Blakely</u>, the Magistrate Judge's reliance on

---

[2] Please see Washington's reply brief, pp. 8-11 for a detailed analysis of this claim

6

the Second Circuit's holding in <u>Guzman v. United States</u>, 404 F.3d 139, 144 (2nd Cir. 2005), that <u>Booker</u> does not apply retroactively to cases on collateral review, is misplaced. Trial counsel objected, at least to the four level enhancement described above, by stating the following:

> "I submit that the Court's employment of a 4-level increase in Mr. Washington's guideline level in this regard would be a direct violation of <u>Apprendi</u> and would rely upon the Court's finding by a preponderance of the evidence what a jury did not find proven beyond a reasonable doubt. If this guideline were to be used in Mr. Washington's case, it should have been alleged by the government in its indictment and submitted to the jury and proven by the Government beyond a reasonable doubt.

Letter from Attorney John T. Walkley to United States Probation Officer Ray Lopez, attached hereto as Exhibit A.

This is a <u>Blakely</u> argument, made more than two years before the United States Supreme Court decided <u>Blakely</u>. In other words, trial counsel correctly interpreted <u>Apprendi</u>, yet because every federal court in the country misinterpreted <u>Apprendi</u>, Washington apparently is out of luck. Forget about <u>Blakely</u> and <u>Booker</u>, trial counsel correctly argued that the sentence enhancement would violate Washington's Fifth and Sixth Amendment rights under <u>Apprendi</u>. He was absolutely correct, yet this Court appears unwilling to correct its error. How, pray tell, is it justice for a defendant to be denied relief simply because his conviction became final ten months before the Supreme Court said that the claim he had properly advanced was in fact perfectly valid?

The Courts know full well that <u>Blakely</u> merely clarified <u>Apprendi</u> and as such should be retroactively applicable at least back

7

to the date <u>Apprendi</u> was decided. But the Courts have bent over backwards to slam the <u>Apprendi</u> door in faces of prisoners who should be entitled to relief. The same holds true for the Supreme Court's sham remedial interpretation of the SRA in <u>Booker</u>. Justice Breyer fully expected the lower courts to treat the Guidelines in no less a mandatory fashion than they did prior to <u>Booker</u>. A wink and a nod and the Sixth Amendment question disappeared.

Do not for a moment think that the prisoners of this country are unaware of the legal legerdemain that is being perpetrated against us under the color of law. What kind of message do you think this conveys? When will our judiciary accept responsibility for the thousand of unconstitutional sentences imposed since <u>Apprendi</u>?

## CONCLUSION

For the foregoing reasons and authorities cited, Washington prays that his § 2255 motion will be granted.

Respectfully submitted,

_Ryan Washington_
Ryan Washington
Reg. No. 67016-053, Unit 1B
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, PA 17887

Movant, <u>pro se</u>

Dated: 3/27/06

# JOHN T. WALKLEY
ATTORNEY AT LAW
450 MONROE TURNPIKE
SUITE 101
MONROE, CONNECTICUT 06468

(203)261-1911
FAX (203) 268-1433

CLIENT COPY

May 20, 2002

Mr. Ray Lopez
United States Probation Officer
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

      Re:    **United States v. Ryan Washington**
               **Docket No. 3:01CR-114 (AHN)**

Dear Ray:

      Please accept this letter as my preliminary objections and comments to the Presentence Report that you have prepared in the above-referenced case. Prior to the sentencing hearing, I will provide you, as well as the Court and government, with a more elaborate analysis of the arguments I make here.

      First, I object to your assessment in Paragraph 16 of the Presentence Report of a 4-level upward adjustment pursuant to §2K2.1(b)(5) of the United States Sentencing Guidelines. That guideline section provides for a 4-level increase "if the defendant used or possessed any firearm or ammunition in connection with *another* felony offense." The Application Notes to that guideline provide that "felony offense," as used in this section, "means any offense . . . punishable by imprisonment for a term exceeding one year, whether or a not a criminal charge was brought, or a conviction obtained."

      In assessing this increase, you focus on the murder charge for which Mr. Washington was acquitted after trial before a jury of twelve New York citizens and a charge in New Jersey of which he stands accused, but has not been convicted. I assert that the Court's use for §2K2.1 purposes of the murder charge for which Mr. Washington was acquitted would be error. I submit that your determination that the New Jersey arrest also supplies basis for §2K2.1 application is equally erroneous based upon the guidelines' requirement that Mr. Washington "used or possessed" a firearm "in connection with

*EXHIBIT A*

Letter: Ray Lopez
United States v. Ryan Washington
May 20, 2002
Page Two

another felony offense." I assert that more would be needed to be shown by the Court that Mr. Washington "used or possessed" a firearm within the facts of that case "in connection," as you contend in your Report, with the other felony offense of possession of narcotics with intent to sell.

These comments are especially significant in light of the Supreme Court's decision in *Apprendi v. New Jersey*. I submit that the Court's employment of a 4-level increase in Mr. Washington's guideline level in this regard would be a direct violation of *Apprendi* and would rely upon the Court's finding by a preponderance of the evidence what a jury did not find proven beyond a reasonable doubt. If this guideline were to be used in Mr. Washington's case, it should have been alleged by the government in its indictment and submitted to the jury and proven by the government beyond a reasonable doubt. To do otherwise, I would expect that a full hearing would be required before Mr. Washington's sentencing and the facts of each complicated case, which you summarize in six lines, developed prior to an ultimate decision by the Court. I emphasize, however, that, even if the Court were to engage in this process, I do not believe that this upward adjustment is supported by the facts as they apply in this case.

Second, I object to your assessment in Paragraph 18 of a 3-level increase pursuant to §3A1.2(b). I believe strongly that this assessment is not related to the offense of conviction as required by the applicable sentencing guideline. §3A1.2(b) provides that if "during the course of the offense or immediate flight therefrom, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement . . . officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury."

You find in your Report that Mr. Washington "assaulted law enforcement personnel when he rammed their vehicles with the car he was driving in a manner creating a substantial risk of serious bodily injury." I maintain in objecting to this enhancement that "driving a car in a manner" that creates the substantial risk contemplated by the sentencing guidelines is different than intentionally assaulting an official victim and, in so doing, creates that risk.

Importantly, I argue that this guideline intends to cover that conduct that would be considered "assaultive." The facts that were elicited at trial can be argued to support that any action by Mr. Washington in striking the police vehicles with his car was done for purposes of escape. There are not, however, sufficient facts to support your determination that Mr. Washington "assaulted" or intended to assault any law enforcement officer involved in this case within the contemplation of this guideline. I

A-2

Letter: Ray Lopez
United States v. Ryan Washington
May 20, 2002
Page Three

contend that this guideline envisions a situation where a defendant intentionally assaults an "official victim" and, as a result thereof, creates a "substantial risk of serious bodily injury." Based upon the evidence at trial, the jury may have found the conduct of Mr. Washington to have been reckless. But reckless behavior by a defendant would not satisfy the requirements of §3A1.2(b) and a 3-level enhancement within the sentencing guidelines. Based upon this analysis, the 3-level adjustment should not apply.

Additionally, your addition of 2 criminal history points in Paragraph 28 for the conviction on July 24, 1989, is incorrect based upon the language of §4A1.1(b) and the Application Notes to that guideline section. In the Notes, the sentencing guidelines provide that "a sentence imposed more than ten years prior to the defendant's commencement of the offense is not counted." See §4A1.2(e) U.S.S.G. Without question, a conviction in 1989 is more than ten years prior to the instant offense, which is alleged to have been committed in May of 2000. Those criminal history points should be removed from your accounting in this case. The elimination of those points would result in an overall score of three criminal history points and would place Mr. Washington in Criminal History Category II.

Although I have provided a copy of the Presentence Report to my client for his review, I have been unable to meet with him as yet. I expect that I will visit with Mr. Washington at Wyatt Detention on Thursday of this week and should be able to share with you his comments and corrections on the following day.

I look forward to discussing your Report and my objections prior to the date of the sentencing hearing.

Your attention to Mr. Washington's case is appreciated.

Sincerely,

John T. Walkley

cc: Ryan Washington

A-3

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was sent, via first-class prepaid mail, this 27th day of March, 2006, to the following counsel for the Government:

Mr. Robert M. Spector
Assistant U.S. Attorney
450 Main Street
Hartford, CT 06103

_____
Ryan Washington