IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

RYAN WASHINGTON,

2006 MAY -8 P 4: 16

Movant,

Civil Case No. 3:04-CV-5104 [DISTRICT COURT]
Crim. Case No. 3:01-Cr-114 [BRIDGEPORT, CONN]

v.

UNITED STATES OF AMERICA,

(Nevas, District Judge)
(Fitzsimmons, Magistrate Judge)

Respondent.

MOTION FOR RECONSIDERATION UNDER
FEDERAL RULES OF CIVIL PROCEDURE, 52(b) and 59(e)

Comes Now, Ryan Washington, the undersigned Pro se Movant, and files this motion for reconsideration, under Federal Rules of Civil Procedure ("F.R.Civ.P."), Rule 52(b) to make additional findings of law or fact, and Rule 59(e) to alter or amend its April 20, 2006 judgment in which it "approved, adopted and ratified" the Magistrate's recommended ruling, to deny movant's motion to vacate under 28 U.S.C. §2255.[1] In support of this motion, movant states as follows based in law and fact.

As a threshold matter, movant respectfully request that this Court recognize his pro se status, and therefore liberally construe the arguments set forth herein. See Haines v. Kerner, 404 U.S. 519 (1972). And, acknowledge that a motion for reconsideration is appropriate in a habeas proceeding under 28 U.S.C §2255 under its governing rules. See §2255 Rule 12 (West 2005); see also, Moore's Federal

---

[1] Please note that movant has not received a signed Order from the district court, and only learned of its April 20, 2006 Order through a "Notice of Electronic Filing" letter forwarded to movant by mail.

- 1 -

Practice §52.10[1][b].

Clearly, motions for reconsideration are viewed under the identical standards as motions to make additional findings and to alter or amend judgments, which substantially consider such as, controlling decisions of law brought to a court's attention, but not considered; to correct a clear error of law; or to prevent a mainfest injustice. See Melnitzy v. Rose, 305 F.Supp.2d. 349, 350 (S.D.N.Y. 2004)(citing cases).

Consequently, assuming that the Court's April 20 Order simply stated that it was "approv[ing], adopt[ing] and ratif[ying]" the Magistrate's recommendation, without addressing any specific objections raised by movant it should be reconsidered. This is because, in movant's written objections, he raised several viable concerns with the Magistrate's recommended ruling which contains sound bases in law, and demonstrates the importance of facts that were ignored or overlooked.

For example, movant's ineffective claim concerning his counsel's handling of the government's plea offer stated a viable claim on which the law of this circuit is clear. Thus, even assuming that movant's counsel informed him of the government's plea offer as reflected in the Magistrate's recommended ruling, the inquiry cannot end there.

The law of this circuit does not only recognize an attorney's duty to inform a client of a plea offer; Boria v. Keane, 99 F.3d. 492 (2nd Cir. 1996), but also requires an attorney to professionally advise his client of whether accepting a plea offer is in his best interest. See United States v. Gordon, 156 F.3d. 376 (2nd Cir. 1998). In movant's case, his trial attorney proffered an affidavit to the

- 2 -

government which tellingly is inconsistent with the record. This is because the March 7 jury selection transcript which the Magistrate relied on, in which counsel acknowledges that him and movant only spoke about the plea in "general terms." Furthermore, although counsel goes on to say that him and movant "talked about it in a sentencing guideline point of view as well[,]" counsel makes no mention of how great the sentencing disparity was, or whether he advise movant to accept the plea offer.

Clearly, these factors are important because counsel clearly expressed his "pursuit of [movant's] acquittal" following the denial of his motion to dismiss on a unsound legal bases.[2] Thus, this arguably supports the fact that counsel did not fully discuss all the ramifications concerning the government's plea offer with movant. And, even assuming that counsel had more than a "general" discussion with movant, he still fell below the standard of a competent attorney when counsel failed to give movant professionally sound advice concerning acceptance of the government's plea offer.

Considering that the Magistrate was keenly aware of counsel's position early in the proceedings, in which counsel expressed that "the government is not going to win this case;" and counsel's obvious propensity in filing legally baseless motions, a fuller exploration of counsel's advice beyond his self serving affidavit was in order during these habeas proceedings. Therefore, this Court should reconsider its blanket adoption of the Magistrate's recommendation

---

[2] It should be noted, that it seems strangely incompetent for an attorney to seek dismissal premised on a legal bases which later becomes obvious confers no substantive rights on a defendant. Especially since, while researching and preparing such motion a competent attorney should have recognized it had no chance of success. Instead of, later finding the Court's decision "self-explanatory" and "not surprising."

pertaining to movant's ineffective claim for counsel's failure to give him sound professionally advice as to whether to enter a guilty plea.

Another, example that this Court should reconsider its "approv[al], adopt[ion] and ratifi[cation]" of the Magistrate's recommendation, is movant's ineffective assistance of appellate counsel claim. In movant's original §2255 motion, he attacked appellate counsel's basically raising weaker and less significant claims, instead of others that were obviously stronger.

Consequently, following the Supreme Court decision in Blakely v. Washington, which held that Apprendi was applicable to the Washington State Guidelines, movant sought to amend his ineffective assistance of counsel claim. In addressing this claim, the Magistrate constituted "th[e] claim as one under United States v. Booker," then relying on the Guzman case of the Second Circuit to find it was not retroactively applicable.

Thus, it is movant's position that this Court should reconsider its adoption of the Magistrate's recommendation as to non-retroactivity of Blakely/Booker in this instant. This is because even though Guzman is binding precedent in this circuit, its reliance on Justice Breyer's dissent of Part I in Booker renders its decision questionably. Especially since, clearly in Justice breyer's dissent, he writes, that:

> "[a]lthough the considerations [ ] mentioned did not dissuade the Court from its holding in Apprendi and Blakely, I should have hoped they would have dissuaded the Court from extending those holdings to the Statue and Guidelines at issue here."

Booker, L.ed.2d. at p. 705.

Clearly, the question in Booker "was whether [the] Apprendi line of cases applies to the Sentencing Guidelines;" Booker, p. 640,

- 4 -

therefore this circuit does not have the authority to disregard the Supreme Court's affirmative response to the question posed to it. See e.g., <u>Close v. State of New York</u>, 125 F.3d. 31, 38 (2nd Cir. 1997)(recognizing that when the Supreme Court speaks to a specific issue through its rulings, lower courts are bound by that result). Thus, with these principles in mind, this Court should reconsider movant's ineffective assistance of appellate counsel claim as it applies to his enhancement challenges. Even though, most of the Court's have found that <u>Apprendi</u> did not apply to the Sentencing Guidelines, the Supreme Court has made clear that it in fact does apply through its rulings in <u>Blakely/Booker</u>; therefore, <u>Guzman</u> cannot turn those rulings upon their heads.

Especially when, cases such as movant's were not final when the <u>Apprendi</u> rule was announced, thus it is arguable that he should receive the benefits of the rule's extension in <u>Blakely/Booker</u>. See <u>Bulter v. McKellar</u>, 494 U.S. 407, 412-13 (1990)(reasoning whether a new decision breaks new ground is difficult to determine when the decision reached is an extension of previously decided cases prior to defendant's conviction becoming final); see also, e.g., <u>State v. Franklin</u>, 878 A.2d. 757 (2005)(reasoning that pipe-line retroactivity of the <u>Blakely</u> decision applies to cases not yet final when <u>Apprendi</u> was announced); see also, <u>People v. Johnson</u>, ___ P.3d. ___ (Colo. 2005)(same).

Additionally, the Supreme Court has recently heard oral arguments in a case based on the <u>Apprendi</u> line of cases, to consider whether sentence enhancements based on judge-found facts violate the Sixth Amendment amounting to "structural error" subject to a harmless-error analysis. See <u>Washington v. Recuenco</u>, U.S. No. 05-83 (April 17, 2006). Thus, even though a favorable decision would most

certainly bolster movant's argument that he should receive retroactive application of Blakely/Booker; on the flip side of the coin, the difficult determination still would necessarily have to be made regardless of the outcome of Receunco. Therefore, this Court should render its decision reconsidering its adoption of the Magistrate's recommended ruling after the Supreme Court has expressed its opinion in Recuenco.

Wherefore, this Pro se Movant prays this Honorable Court reconsider its "approv[al], Adopt[ion] and ratifi[cation]" of the Magistrate's recommended ruling denying his motion under 28 U.S.C. §2255. And, grant and and all other relief this Court deems just and proper in the interest of fairness and justice.

Resepctfully submitted,

_____
Mr. Ryan Washington
Pro se Movant
Reg. No. 67016-053
U.S.P. Allenwood
Post Office Box 3000
White Deer, PA  17887

CERTIFICATE OF SERVICE BY MAIL

I HEREBY CERTIFY that a true and complete copy of the foregoing has been given to prison officials for mailing, first class postage prepaid, and sent to: The Office of the U.S.. Attorney for the District of Connecticut located at 450 Main Street, Hartford, Connecticut. 06103. On this 1st day of May, 2006, pursuant to 28 U.S.C. §1746.

_____
Mr. Ryan Washington
Pro se Movant