IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RYAN WASHINGTON,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Case No. 3:04-Cv-504
Crim. Case No. 3:01-Cr-114

United States District Judge
Honorable Alan H. Nevas

MOTION TO REPON TIME TO APPEAL
PURSUANT TO F.R.A.P. 4(a)(B)(6)

    Comes Now, Ryan Washington, the undersigned Pro se Movant, and files this motion respectfully requesting that this Honorable Court re-open his time to appeal in his proceedings under 28 U.S.C. §2255, pursuant to Federal Rules of Appellate Procedure ("F.R.A.P."), Rule 4(a)(6). In support of this motion, movant states as follows based in law and fact.

    As a threshold matter, movant moves this Court to liberally construe these pleadings under the familiar liberal construction standard announced in Haines v. Kerner, 404 U.S. 519 (1972); see also, Cruz v. Gomez, 202 F.3d. 593, 597 (2nd Cir. 2000)(recognizing that a court should liberally construe a pro se prisoner's pleadings to raise the strongest argument they suggest).

    With this liberal construction in mind, movant seeks to re-open his time to appeal because he did not receive the district court's order denying his motion for reconsideration under Federal Rules of Civil Procedure ("F.R.Civ.P"), Rule 59(e) and Rule 52(b), which was caused to be filed with this Court on May 1, 2006 by giving the same

to prison officials for mailing. (See Exhibit 1).

Thus, although the Court's judgment which movant sought to be altered or amended was dated April 20, 2006, under the Supreme Court's ruling in Houston v. Lack, 487 U.S. 266, 272 (1986), movant's motion must be considered filed when given to prison officials even though it was not file-stamped by the clerk until May 8, 2006. (See Exhibit 2).

Importantly, the appellate rules clearly provide the district court with the authority to reopen the time to appeal, stating that:

> "[t]he district court may reopen the time to appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satified:
>
> (A) the court finds that the moving party did not receive notice under Federal Rules of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

F.R.A.P. 4(a)(6)(West 2006).

Therefore, in order for this Court to find movant is entitled to have his time to appeal reopened under F.R.A.P. 4(a)(6), it must determine whether he meets the requirements of the subdivisions (A); (B) & (C) of the appellate rule. It is movant's contention that he did not receive notice of the judgment or order, causing him to forward a letter to the clerk's office seeking to "ascertain the status of [his] motion for reconsideration." (See Exhibit 3). This letter which was dated October 11, 2006, establishes that movant sought the status of what he believed was an outstanding motion. The October 11 letter was file-stamped by the clerk's office "received" on October

16, 2006, and attached to is a copy of this Court's July 13, 2006 Order "Grant[ing]" his motion for reconsideration yet stating that "after further review [it] adheres to its original order." (See Exhibit(s) 3 & 4). Although, the copied materials forwarded to movant by the clerk's office were postmarked "Nov 03 06", movant did not receive them until November 13, 2006. (See Exhhibit 5).

As a general matter, according to federal regulations, "mail from courts" should be processed as "Legal Correspondence"; however, the above materials forwarded to movant (in an envelope bearing the return address of the court) was not process in this manner according to the policy. See 28 C.F.R. §§540.18, 540.19 (see Exhibit 6). Thus, even assuming that movant cannot show the date he received the materials containing the Court's July 13 Order, since BOP officials failed to follow the published federal regulations and processed the mail through normal mail channels.

Thus, movant now files this motion to reopen his time to appeal the district court's "approv[al], adopt[ion] and ratifi[cation]" of the magistrate's recommendation that his §2255 motion be denied, and its "grant[ing]" of his motion for reconsideration in which it adhered to its original order.[1]

Considering the above, this Court can find that movant "did not receive notice...of the entry of the the judgment or order sought to be appealed within 21 days after entry." F.R.A.P. 4(a)(6)(A)(West 2005). This is because the Court issued its order concerning movant's motion for reconsideration on July 13, and movant did not "receive notice"

---

[1] Pursuant to the appellate rules, a timely motion under F.R.Civ.P. 52(b) and 59(e) tolls the time to appeal the denial of the judgment or order sought to be reconsidered. Thus, even though movant seeks to appeal the §2255 denial, the motion for reconsideration of ths same tolled the time to seek such appeal.

of the order until November 10, 2006, after he inquired about the status of his motion with the clerk's office.

Moreover, movant files this motion "within 180 days after the judgment or order [was] entered" given the time frame expressed in the appellate rule which would not expire until on or about January 9, 2007. F.R.A.P. 4(a)(6)(B)(West 2005). Additionally, given that the 7 day period "after [movant] receive[d] notice...of the entry" of the order would not expire until November 20, 2006, he meets the "whichever is earlier" time requirement in the rule. Id.[2]

Finally, there can be no finding of prejudice to the opposing party because even if the Court was to grant this motion as it should; (see F.R.A.P. 4(a)(6)(C)(West 2005), movant still will be required to obtain a COA before being allowed to appeal this Court's denial of his §2255 claims. 28 U.S.C. §2253(c)(West 2005).

Premises considered and liberally construed, this Court should easily find that movant did not receive its order within the time specified by the appellate rule; he files this motion in a timely manner, and the government would not be prejudiced if it grants this motion.

Wherefore, this Pro se Movant prays this Honorable Court issue an order reopening the time for him to appeal, and directs the clerk's office to stamp the outside of the envelope that contains such order ("Legal Mail—Open Only in the Presence of the Inmate), so that it can be processed as "Special/Legal Mail" according to Federal Regulations. And, grant any and all other relief this Court deems just and proper in the interest of fairness and justice.

Respectfully submitted,

*Ryan Washington*
Mr. Ryan Washington
Pro se Movant

- 4 -

## CERTIFICATE OF SERVICE BY MAIL

I, Ryan Washington, the undersigned Pro se Movant hereby certifies that a true and complete copy of the foregoing Motion to Reopen Time to Appeal pursuant to F.R.A.P. 4(a)(B)(6) has been given to prison officials for mailing, first class postage prepaid, and sent to:

Office of the Clerk
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, Connecticut  06604

Office of the U.S. Attorney
District of Connecticut
450 Main Street
Hartford, Connecticut  06103
Attn: AUSA Robert M. Spector

On this 17th day of November, 2006, pursuant to 28 U.S.C. §1746.

*Ryan Washington* (signature)

Mr. Ryan Washington
Pro se Movant
Reg. No. 67016-053
U.S.P. Allenwood
Post Office Box 3000
White Deer, Pennsylvania
17887-3000