UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RYAN WASHINGTON           :
    Petitioner,       :
v.                        :     Crim. No. 3:01Cr114 (AHN)
                          :     Civ. No. 3:04Cv504 (AHN)
UNITED STATES OF AMERICA  :
    Respondent.       :

FILED 2007 MAR 14 P 3:19

## RULING ON MOTION TO REOPEN TIME TO FILE AN APPEAL

Now pending before the court is petitioner Ryan Washington's ("Washington") pro se motion to reopen the time to file an appeal, pursuant to Fed. R. App. P. 4(a)(6), of this court's denial of his habeas petition under 18 U.S.C. § 2255. However, because Washington must obtain from this court a certificate of appealability ("COA") before he may appeal the denial of his § 2255 petition, the court will also address whether he has satisfied the requirements for obtaining a COA.

## FACTS AND PROCEDURAL HISTORY

Washington was convicted under 18 U.S.C. § 922(g)(1) and was sentenced to a term of 120-months imprisonment. His conviction and sentence were affirmed by the Second Circuit. Thereafter, Washington petitioned this court to vacate his sentence under 28 U.S.C. § 2255, alleging that he was denied effective assistance of trial and appellate counsel. The petition was referred to Magistrate Judge Holly B. Fitzsimmons, who issued a recommendation that the petition be denied. This court approved

and adopted that recommendation on April 20, 2006. On May 8, 2006, Washington moved for reconsideration of the order. On July 13, 2006 the court granted his motion for reconsideration, but after further review, adhered to its original order. Washington failed to file a notice of appeal within 30 days of the court's July 13, 2006 order as required by Fed. R. App. P. 4(a)(1)(A). He now seeks to reopen his time to file an appeal pursuant to Fed. R. App. P. 4(a)(6).

## DISCUSSION

Washington claims that the time to file his appeal should be reopened because he did not receive this court's July 13, 2006 ruling on his motion for reconsideration. In support of this argument, he states that in October 2006 he contacted the Office of the Clerk to ascertain the status of his motion and that on November 10, 2006, he finally obtained the ruling. He maintains that his motion to reopen should be granted because he filed this motion within seven days of the date he actually received the ruling. The court has inquired into the circumstances surrounding the mailing of the July 13, 2006 ruling, and is satisfied that Washington has met the requirements of Fed. R. App. P. 4(a)(6). Accordingly, his motion should be granted. However, because Washington must obtain a COA before he appeals the denial of his § 2255 petition, see 28 U.S.C. § 2253(c), and

because the court concludes that a COA should not issue, that relief is effectively unavailing.

Under 28 U.S.C. § 2253(c)(2), a COA may only be issued if the petitioner has made a considerable showing of the denial of a constitutional right. The showing must include facts demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Magistrate Judge Fitzsimmons thoroughly considered Washington's ineffective assistance of counsel claims and concluded that Washington's trial and appellate counsel's conduct did not fall below an "objective standard of reasonableness" under "prevailing professional norms" as required by Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). As such, Washington failed to demonstrate that reasonable jurists would find this court's assessment of his constitutional claims "debatable or wrong." See Slack, 529 U.S. at 484. Accordingly, the court declines to issue a COA.

CONCLUSION

For the foregoing reasons, this court GRANTS Washington's motion to reopen the time to file an appeal [doc. # 86]. Further, because Washington has failed to make a considerable showing of the denial of a constitutional right, a certificate of appealability of the court's denial of his § 2255 petition will

not be issued. <u>See</u> 28 U.S.C. § 2253(c); <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997).

SO ORDERED this 13 day of March 2007, at Bridgeport, Connecticut.

```
                              Alan H. Nevas
                              United States District Judge
```